# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RAEVON T. PARKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CV-01361 JSD |
| STATE OF MISSOURI, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Self-represented plaintiff Raevon Parker, an inmate currently incarcerated at St. Louis City Justice Center, filed this civil rights action for money damages and injunctive relief on October 10, 2024; however, plaintiff neither paid the Court filing fee nor filed a motion to proceed without prepayment of fees or costs. Plaintiff must do one or the other for this case to proceed. *See* E.D. Mo. L.R. 2.01(B)(1). If plaintiff files a motion seeking leave to commence this action without prepaying fees or costs, he must also file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Plaintiff's failure to timely pay the filing fee or file a motion seeking leave to commence this action without payment of fees or costs may result in the dismissal of this case, without prejudice and without further notice.

Additionally, the allegations of the complaint are not entirely clear. Plaintiff, who is a frequent filer of cases in this Court, seems to assert a variety of claims in this lawsuit, including a denial of bond in his state criminal action, excessive bail,[1] a "right to bear arms," and an allegation

---

[1] Claims relating to denial of bond and/or excessive bail are more properly brought pursuant to 28 U.S.C. § 2241. The Court will provide plaintiff with a Court form for bringing such claims. Because plaintiff has not properly articulated his "right to bear arms" claims, the Court is unsure of the substantive nature of his claims.

of excessive force relating to his arrest. However, the complaint is defective because, among other things, it was not drafted on the Court's form, *see* E.D. Mo. Local Rule 2.06(A), and plaintiff's allegations are conclusory and fail to explain how any particular individual was personally responsible for violating his rights.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint on the Court's form. Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a).

In addition, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

2

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff copies of the Court's Prisoner Civil Rights Complaint form, the Motion to Proceed in Forma Pauperis – Prisoner Cases form, the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 Court Form and the Motion to Proceed in Forma Pauperis – and Affidavit Habeas Cases form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court's Prisoner Civil Rights Complaint form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the filing fee or submit a motion to proceed in forma pauperis on the Prisoner Cases Court-provided form. If plaintiff files a motion to proceed in forma pauperis, he shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that if plaintiff wishes to pursue his excessive bail or denial of bond claims he must file a separate action on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 Court Form.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 17th day of October, 2024.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE